UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK G. PRZEPIERSKI,

    Plaintiff,

v.

CASE No. 8:10-CV-1767-T-30TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

---

## ORDER

The plaintiff in this case seeks judicial review of the denial of his claim for Social Security disability benefits.[1] Because the decision of the Commissioner of Social Security is supported by substantial evidence and the plaintiff has not identified any reversible error, the decision will be affirmed.

I.

The plaintiff, who was 48 years old on December 31, 2008, the date he was last insured, and who has an eleventh grade education, has worked as a furniture installer and assembler (Tr. 14, 28, 77). He filed a

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 17).

claim for Social Security disability benefits in May 2004, alleging that he became disabled in February 2003 due to human immunodeficiency virus (HIV), myelitis, myelopathy, peripheral neuropathy, numbness/dysthesia; trouble grasping with hands; low back, leg, and neck pain; headaches; arthritis; an ulcer; and diarrhea (Tr. 75-76). The claim for disability benefits was denied initially and upon reconsideration.

The plaintiff, at his request, then received a <u>de</u> <u>novo</u> hearing before an administrative law judge. The law judge found that the plaintiff has severe impairments of HIV infection, degenerative disc disease, myelopathy, peripheral neuropathy, and osteoarthritis (Tr. 16). The law judge concluded that these impairments limited the plaintiff to performing light work (Tr. 17). He determined that these restrictions precluded the plaintiff from returning to his past work (Tr. 28). However, based upon the plaintiff's residual functional capacity, his age and his education, the law judge determined that the medical-vocational guidelines directed a conclusion of not disabled (Tr.

28).[2] The Appeals Council let the decision of the law judge stand as the final decision of the defendant.

The plaintiff then sought review in this court (Case No. 8:07-CV-1574-T-EAJ). Subsequently, United States Magistrate Judge Elizabeth A. Jenkins entered an Order remanding the matter for further administrative proceedings because there was an inconsistency in the law judge's discussion of the plaintiff's alleged depression (Tr. 495-96). Specifically, the law judge stated initially in the decision that depression was not supported by treatment records, but he later specified that the plaintiff has a severe impairment due to depression (id., citing Tr. 17, 27). Therefore, the matter was remanded to "clarify whether Plaintiff's depression is a 'severe impairment,'" and for the parties "to present additional evidence on the issues remaining for determination" (Tr. 496). Accordingly, the Appeals Council vacated the decision of the Commissioner, and remanded the case to the law judge for further proceedings consistent with the district court's Order (Tr. 535B).

---

[2]This residual functional capacity was based on the plaintiff's capabilities after September 23, 2003, because the law judge determined that the plaintiff had engaged in substantial gainful activity from April 4, 2003, until September 23, 2003 (Tr. 16).

-3-

In the meantime, the plaintiff had filed another application for disability insurance benefits, alleging disability since February 10, 2007, which was the day after the law judge's decision, due to HIV, myelitis, back, neck and hand impairments, and depression (Tr. 559, 563). After the second application was denied initially and on reconsideration (Tr. 499, 500), the plaintiff requested an administrative hearing (Tr. 514). Consequently, in its Order remanding the plaintiff's first application to the law judge for further proceedings, the Appeals Council also instructed the law judge to determine if the second application for disability insurance benefits should be consolidated with the first application for simultaneous judgment (Tr. 535B).

On October 15, 2009, a hearing was held before the law judge who determined the plaintiff's first disability application (Tr. 1398). The law judge concluded that consolidation of the applications was appropriate because he did not find that they presented "different issues, such as new evidence of disease or injury" (Tr. 464). The plaintiff's attorney at the hearing did not object to the consolidation (see Tr. 1404).

At the second hearing, the law judge received testimony from the plaintiff, his roommate, a vocational expert, and psychological expert Michael

Eastridge (see Tr. 1399). The law judge found that, through the date last insured, the plaintiff had severe impairments of "Human Immunosuppressive Viremia (HIV) with Myelitis, Urinary Tract Infections, and Cervicolumbar Degenerative Disc Disease (DDD), Status Post-Surgical, with lesser Osteoarthritis" (Tr. 467). Although the law judge also determined that the plaintiff had mental impairments of anxiety and depressive adjustment disorder, he found that they did not cause more than minimal limitation in the plaintiff's ability to perform basic mental work activities and, therefore, they were non-severe (id.). The law judge found further (Tr. 470)(emphasis in original):

> [T]he claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), reduced by his need to avoid: climbing all ladders, scaffolds or ropes, and more than occasional bending, stooping, balancing crouching, kneeling, crawling, reaching overhead and fine/gross dexterity; more than frequent fingering and climbing of stairs, occasional unusual postures, or any exposure to temperature/moisture extremes, vibrations or sub-optimal atmospheric conditions, heights and moving machinery during the period February 15, 2003 through the date last insured on December 31, 2008. He could hear, understand, remember and carry out simple routine and complex work

instructions, and interact appropriately with co-workers, supervisors and the general public.

The law judge concluded that that these restrictions precluded the plaintiff from returning to his past work (Tr. 474). However, based upon the testimony of a vocational expert, the law judge determined that jobs existed in significant numbers in the national economy that the plaintiff could perform, such as photograph processor, mail clerk, and production assembly worker (Tr. 475). The plaintiff was therefore found not disabled from February 15, 2003, through the date last insured of December 31, 2008 (Tr. 465, 476). The Appeals Council let the decision of the law judge stand as the final decision of the defendant (Tr. 442-43).

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical,

physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3). In this case, the plaintiff must show that he became disabled before his insured status expired on December 31, 2008. 42 U.S.C. 423(c)(1); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979), cert. denied, 444 U.S. 952.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff argues that it was improper to consolidate his second disability application, which alleged disability from February 10, 2007, based on multiple medical conditions, with his first application, which

was remanded for further consideration of the plaintiff's alleged depression between February 15, 2003, and February 9, 2007 (Doc. 19, p. 5). The Commissioner argues that consolidation was appropriate because both applications presented common issues (Doc. 20, pp. 8-9). The contention that consolidation was improper is meritless.

The parties assert that 20 C.F.R. 404.952(a) governs the consolidation of hearings (see Doc. 19, p. 8; Doc. 20, pp. 7-8). That section provides:

> (1) A consolidated hearing may be held if--
>
> (i) You have requested a hearing to decide your benefit rights under title II of the Act and you have also requested a hearing to decide your rights under another law we administer; and
>
> (ii) One or more of the issues to be considered at the hearing you requested are the same issues that are involved in another claim you have pending before us.

It seems, however, that §404.952(a) pertains to a different situation than the one presented here. Thus, it covers the circumstance where a claimant has requested a hearing under Title II regarding disability benefits and has "also requested a hearing to decide ... rights under another law [the Social Security

Administration] administer[s]." Both applications in this case sought benefits under Title II.

Although §404.952(a) does not appear to apply to this situation, the Office of Hearings and Appeals of the Social Security Administration construes that section to permit consolidated hearings when "[r]equests for hearing are pending on more than one claim under any Social Security Administration administered law." HALLEX I-2-1-65, ¶B2; 1993 WL 642980 (S.S.A.). Under that directive, however, "[c]ommon issues are not required for consolidating pending requests for hearing." Id. Consolidated hearings are conducted "so an ALJ may dispose of cases involving the same individual with one hearing when practicable." Id. That approach obviously makes sense, particularly in light of the tremendous volume of claims the law judges have to resolve. The plaintiff's suggestion that cases involving applications from the same claimant should not be consolidated is unreasonable. And, as noted, at the hearing, the plaintiff's prior attorney, whom I know to be very experienced and skilled in Social Security cases, did not object to the consolidation (see Tr. 1404).

Furthermore, even if there is a requirement that one or more of the issues are the same in both applications, that requirement is satisfied here. The plaintiff's first disability application was remanded for further consideration of the plaintiff's alleged depression (Tr. 496, 535B), and depression was also alleged as a basis for the plaintiff's second disability application (Tr. 563). Thus, both applications commonly involved an assessment of the plaintiff's alleged depression.

In addition, the law judge's decision encompasses an assessment of the plaintiff's physical ailments during the entire disability period (see, e.g., Tr. 469, 470). In this connection, both applications commonly alleged disability due to HIV, myelitis, and back, neck and hand problems (Tr. 75, 563). In fact, the law judge "d[id] not find different issues, such as new evidence of disease or injury, between the two applications" (Tr. 464). Significantly, there was no time gap between the two applications since the alleged disability onset date of the second application was the day after the law judge's decision on the first application. Thus, it made sense for the law judge, who had already familiarized himself with the plaintiff's medical

records, to assess both disability applications simultaneously. Accordingly, consolidation was not only appropriate, but the most reasonable approach.

The plaintiff cites to Whitzell v. Astrue, 589 F. Supp.2d 100 (D. Mass. 2008), in support of the contention that his disability applications were improperly consolidated (Doc. 19, p. 13). However, Whitzell is inapposite. In the first place, that case involved applications under two sets of laws (Title II and Title XVI) so that §404.952(a)'s requirement of common issues would apply. Also, unlike this case, the Whitzell decision stated that the "'common issue' requirement seems not to have been fulfilled." 589 F. Supp.2d at 105.

The plaintiff incorporates into his argument alleging improper consolidation the contention that his second disability application did not receive proper consideration and, therefore, the law judge's decision on his second application is not supported by substantial evidence.[3] This contention fails to comply with the scheduling Order, which requires the plaintiff to "identify with particularity the discrete grounds upon which the

---

[3]The plaintiff does not allege any error with regard to the law judge's resolution of the plaintiff's first disability application (Doc. 19, p. 6)("the Commissioner ha[s] satisfied this Court's directive for adjudication on remand of the first application. Plaintiff does not raise the outcome of that determination as an issue on this appeal").

administrative decision is being challenged" and to support any such discrete challenges with "citations to the record of the pertinent facts and by citations of the governing legal standards" (Doc. 15, p. 2). Thus, the plaintiff sandwiches this vague contention in the middle of the argument that consolidation was improper, and fails to include any citations to the governing legal standards. Moreover, although the plaintiff cites to the record, the citations consist merely of a list of ailments without an explanation of their significance.

The plaintiff contends that there were 21 exhibits added to the record for his second disability application but that, other than the opinions of state agency physicians and Dr. Peter M. Bursten, the law judge "did not give a specific citation in his decision for the[se] exhibits" (Doc. 19, p. 12). Thus, the plaintiff seems to argue that the law judge did not consider this evidence.

However, as the Commissioner points out (Doc. 20, pp. 10-11), the law judge states repeatedly in the decision that he considered the evidence from the entire disability period (see, e.g., Tr. 469 ("[h]is colitis and reflux caused some discomfort in 2003-2008, but such discomfort was not

prominent during this six year period"); Tr. 470 ("no new contemporaneous evidence to indicate that the claimant suffered unusual infections or other complications in 2003-8 that might have compromised his ability to withstand certain working conditions")). In particular, the law judge specifically cites to evidence submitted in connection with the second disability application (see, e.g., Tr. 463 (cervical fusion in late 2008); Tr. 469 ("there was peripheral neuropathy late in the claimed disability coverage period"); Tr. 469 ("benign prostatic hypertrophy" noted in Ex. 21F); Tr. 468 (noting Dr. Bursten's comment in 2007 that the plaintiff had "dysthymic disorder")). Moreover, the law judge stated that he was focused on whether the plaintiff's physical condition had worsened since his earlier decision (see Tr. 469) and found an "absence of new indications of greater physical limitations than previously determined" (Tr. 474). Thus, there is ample evidence belying the plaintiff's broad-brush contention that the law judge failed to consider the medical evidence submitted with the second disability application.

Furthermore, the plaintiff's list of ailments in the memorandum (Doc. 19, pp. 10-11) lacks probative value because it is the functional limitations from an impairment, and not the diagnosis of an impairment, that

are determinative in an evaluation of disability. See Moore v. Barnhart, 405 F.3d 1208, 1213 n. 6 (11th Cir. 2005); McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986). Thus, the plaintiff has failed to show that these ailments compel a more restrictive residual functional capacity than found by the law judge. See Adefemi v. Ashcroft, supra, 386 F.3d at 1027.

The plaintiff also unmeritoriously argues that the law judge "was not clear about which application(s) he was addressing" because a Notice of Hearing for October 15, 2009, does not appear in the record (Doc. 19, p. 9). This is incorrect; the record contains a Notice of Hearing for October 15, 2009, concerning the plaintiff's July 12, 2007, disability application (Tr. 1104-05). Furthermore, the law judge's determination that the plaintiff is not disabled "from February 15, 2003 ... through December 31, 2008" (Tr. 476), reflects the law judge's consideration of both disability applications.

In short, the contention that the law judge did not properly consider the evidence submitted with the second application is refuted by the language in the law judge's decision. In addition, the plaintiff has made no attempt to show that the new evidence compels any change in the law judge's findings.

Finally, the plaintiff's assertion that the credibility determination is flawed similarly fails. Thus, the plaintiff argues in a conclusory manner that the law judge relied on his credibility determination from the first decision in discounting the plaintiff's allegations of disabling impairments in connection with his second application (Doc. 19, p. 12). However, the plaintiff quotes only a small portion of the law judge's credibility determination (see id.), does not identify the governing legal standards, and makes no attempt to show that the law judge merely repeated his credibility determination from the first decision. The lengthy credibility determination in the second decision, on its face, does not simply iterate what the law judge said in the first decision (compare Tr. 26, 472-73). To the extent the law judge expressed similar comments, it was clearly reasonable for the law judge to consider factors which caused him previously to question the plaintiff's credibility. Further, the law judge expressly considered the credibility of the testimony of the plaintiff's roommate, who testified only at the second hearing (Tr. 472). Under these circumstances, the contention that the law judge based his credibility determination on the first decision cannot be sustained on the basis of a conclusory assertion. Accordingly, this credibility

argument is also rejected for the failure to develop it, as required by the scheduling Order (Doc. 15).

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby **AFFIRMED**. The Clerk shall enter judgment in accordance with this Order and **CLOSE** this case.

DONE and ORDERED at Tampa, Florida, this 17th day of October, 2011.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE